**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

SHANI DAVIS on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

          -against-

IMMEDIATE CREDIT RECOVERY, INC.

                        Defendant.

-----------------------------------------------------------

**CV 12 3244**

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★   JUN 28 2012   ☆

LONG ISLAND OFFICE

**WEINSTEIN J**

**POHORELSKY, M.**

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff Shani Davis seeks redress for the illegal practices of Immediate Credit Recovery, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq*. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Wappingers Falls, New York.

Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Shani Davis*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about March 19, 2012, a representative from Immediate Credit Recovery, Inc. called and spoke to Plaintiff, whereby the Plaintiff attempted to dispute the debt over the phone.

12. Defendant informed the Plaintiff that he must put his dispute in writing, and if you want us to tell the school that the debt is disputed, then you must do it in writing and this is the only way.

13. On or about April 5, 2012, Immediate Credit Recovery called the debtor and the debtor told the representative that the debt had already been disputed.

14. The representative responded to Plaintiff that he needs to dispute the debt with the school, and that any dispute needs to be in writing, you can't make a dispute over the

phone.

15. The representative further said that there is no dispute unless you have a valid reason, and in writing.

16. On or about April 19, 2012, a representative of Immediate Credit Recovery made a call to the debtor.

17. When the debtor picked up the phone they heard ringing on the other end.

18. The debt collector then gets on the phone and says: "Thank you for calling ICR, this is Roger speaking, how can I help you."

19. The Plaintiff told the collector that they should have told the college that the debt is disputed.

20. The Defendant then asked if the dispute was done in writing, and the collector again stated that you cannot do a dispute over the phone or verbally.

21. In addition, the Defendant's statement inter alia of: "Thank you for calling ICR, this is Roger speaking, how can I help you." when calling the debtor, was deceptive and mislead the debtor to think he made the call to the debt collector in violation of §1692e(10).

22. On about April 26, 2012, a representative from Immediate Credit Recovery made a call to the debtor.

23. The representative told the Plaintiff that he could not dispute the debt over the phone as "we need something formal from you."

24. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002);

Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999); DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001); Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity. See. Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court

noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties).

It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer See. Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006); Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006); Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006); Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002); Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001); Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999); Reed v. Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995); Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981).

25. Upon information and belief, Immediate Credit Recovery, Inc. and its employees as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

26. Upon information and belief, Immediate Credit Recovery, Inc. and its employees when

receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

27. Upon information and belief, Immediate Credit Recovery, Inc. and its employees intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

28. Upon information and belief, Immediate Credit Recovery, Inc. and its employees wrongfully stated to the Plaintiff that he could not orally dispute the debt with the Immediate Credit Recovery, Inc..

29. Upon information and belief, Immediate Credit Recovery, Inc. and its employees wrongfully stated to the Plaintiff that he could only dispute a debt in writing.

30. Upon information and belief, Immediate Credit Recovery, Inc. and its employees wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

31. Upon information and belief, Immediate Credit Recovery, Inc. and its employees by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

32. The Immediate Credit Recovery, Inc. employees who spoke with Shani Davis intended to speak the said words to the Plaintiff.

33. The acts and omissions of Immediate Credit Recovery, Inc. and its employees done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

34. Upon information and belief, Immediate Credit Recovery, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and

practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

35. As an actual and proximate result of the acts and omissions of Immediate Credit Recovery, Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

36. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty five (35) as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of Plaintiff and the members of two classes.

38. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) that the Defendant denied the Plaintiff the right to dispute the debt orally and required the Plaintiff to provide a valid reason to dispute.

39. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of

the complaint; (a) that the Defendant used false, deceptive, and misleading representation when attempting to collect a debt, in violation of §1692e(10). Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the

circumstances.

                Dated: Cedarhurst, New York
                      June 25, 2012

                      Adam J. Fishbein, P.C. (AF-9508)
                      Attorney At Law
                      **Attorney for the Plaintiff**
                      483 Chestnut Street
                      Cedarhurst, New York 11516
                      Telephone (516) 791-4400
                      Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

                      Adam J. Fishbein (AF-9508)